**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**ROBERT FRY,**

    Petitioner-Defendant,

**v.**
                                                     **Civil Action No. 3:13-cv-19**
                                                    **Criminal Action No. 3:09-cr-78**
                                                    **(Bailey)**

**UNITED STATES OF AMERICA,**

    Respondent-Plaintiff.

**ORDER**

**I.    Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull [Civ. Doc. 5; Crim. Doc. 111], filed July 7, 2014, and the Addendum to Memorandum Opinion and Report and Recommendation [Civ. Doc. 7; Crim. Doc. 114], filed August 4, 2014. The magistrate judge's Addendum recommends that this Court Grant petitioner Robert Fry's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Civ. Doc. 1; Crim. Doc. 83], filed February 22, 2013, insofar only as it seeks resentencing. The magistrate judge recommends denying the petitioner's remaining claims. This Court agrees.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within 14 days of service, pursuant to 28 U.S.C. § 636(b)(1). The petitioner accepted service of the original R&R on July 10, 2014 and timely filed objections on July 17, 2014 [Crim. Doc. 113]. Questions raised by the petitioner's objections led to Magistrate Judge Kaull's Addendum, filed August 4, 2014 [Civ. Doc. 7; Crim. Doc. 114]. Objections to Magistrate Judge Kaull's Addendum were again due within 14 days of service, and the Government timely objected on August 14, 2014 [Crim. Doc. 116]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II.  Background

On May 24, 2010, Mr. Fry pleaded guilty, pursuant to a plea agreement, to a single count of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. On January 25, 2011, this Court sentenced Mr. Fry to 151 months of imprisonment, at the low end of the petitioner's guidelines sentencing range based on the petitioner's status as a career offender within the meaning of U.S.S.G. § 4B1.1.

Mr. Fry filed a direct appeal with the Fourth Circuit Court of Appeals in 2011. The

2

Fourth Circuit dismissed the petitioner's appeal as barred by the appellate waiver in his written plea agreement. The petitioner then filed a writ of certiorari with the Supreme Court of the United States, which was denied on February 21, 2012.

On February 22, 2013, Mr. Fry filed the instant motion pursuant to 28 U.S.C. § 2255. His petition alleges that the Court committed error by abusing its discretion and using his Maryland conviction as a predicate conviction to enhance his sentence. He also claims that there was disparity in the sentence he received compared with his co-defendant Kenny Riley's sentence. The petitioner's final claim is for ineffective assistance of counsel [Civ. Doc. 1; Crim. Doc. 83].

The magistrate judge recommended denial of the petitioner's motion on the grounds that the petitioner's first two claims were barred by his appellate and collateral waiver. The R&R recommends dismissal of his ineffective assistance of counsel claim as without merit.

After the petitioner filed his petition, but prior to filing his objections, the Fourth Circuit held that a defendant's prior conviction under Maryland law for first-degree burglary does not qualify as a conviction for a crime of violence, a predicate offense for a determination that a defendant is a career offender. ***United States v. Henriquez***, 2014 WL 2900935 (4th Cir. June 27, 2014). The petitioner's objections allege that one of the two prior felony convictions used to designate him as a career offender was a conviction under Maryland law for first-degree burglary [Crim. Doc. 113]. Therefore, he argues that he is entitled to be resentenced without a career offender designation.

Magistrate Judge Kaull filed an Addendum to Memorandum Opinion and Report and Recommendation [Civ. Doc. 7; Crim. Doc. 114], stating that in light of the ***Henriquez*** case,

3

the petitioner's motion should be granted insofar only as it seeks resentencing. The Government objected on the ground that the petitioner's claim that he is not a career offender "is barred by the habeas corpus waiver which the magistrate judge has already correctly found was knowing and intelligent." [Crim. Doc. 116 at 3].

### III. Discussion

The petitioner's § 2255 petition put forth three claims: 1) the Court abused its discretion in using his conviction for first-degree burglary in Maryland as a predicate offense; 2) the petitioner did not receive due process due to the disparity in the sentence the petitioner received compared to the sentence his co-defendant received; and 3) petitioner's attorney provided ineffective assistance of counsel. The Court agrees with the magistrate judge and finds that the petitioner is not entitled to relief with respect to his second or third claims but that the petitioner is entitled to relief with respect to his first claim.

### A. Claims 2 and 3: Sentencing Disparity and Ineffective Assistance of Counsel Claims

The magistrate judge's R&R recommends dismissal of the petitioner's motion with respect to the disparity between the petitioner's sentence and his co-defendant, Kenny Riley's, sentence on the ground that the petitioner knowingly and intelligently waived his appellate and collateral attack rights in his plea agreement. An appellate or collateral waiver will be enforced except under very narrow circumstances, such as if enforcement would result in a miscarriage of justice. The magistrate judge determined that the petitioner knowingly and intelligently waived his appellate collateral attack rights and that the

4

petitioner's claim of disparity between his sentence and his co-defendant's sentence was not grounds for invalidating the petitioner's waiver. The petitioner did not file objections with respect to this claim.

The R&R also recommends denial of the petitioner's claim for ineffective assistance of counsel as being without merit. The petitioner did not file any objections with respect to this claim.

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation should be adopted with respect to claims two and three related to sentencing disparity and ineffective assistance of counsel for the reasons more fully stated in the magistrate judge's report.

### B.  Claim 1: Career Offender Designation

The magistrate judge originally recommended denial of the petitioner's first claim, that the Court committed error by abusing its discretion and designating the petitioner as a career offender. The magistrate judge's Addendum recommended relief for the petitioner in light of a recent Fourth Circuit decision. This Court concurs. The petitioner was originally sentenced using a predicate offense recently deemed inapplicable, and which gave him career offender status. In light of the Fourth Circuit's recent ruling, the petitioner should be resentenced.

The petitioner pleaded guilty pursuant to a plea agreement. The petitioner's plea agreement included a stipulated amount of drug relevant conduct of 0.95 grams of cocaine base. Pursuant to the United States Sentencing Guidelines in effect on the date that the petitioner was sentenced, U.S.S.G. § 2D1.1(c)(13) provided for a base offense level of 14

for offenses involving at least 500 miligrams, but less than 1 gram of cocaine base. Based on the Fair Sentencing Act of 2010, 0.95 grams of cocaine base, results in a base offense level of 12.

The petitioner's offense level was adjusted to 32 based on his designation as a career offender under 4B1.1(b)(c).[1] Under Guideline § 4B1.1, a defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has at least two prior "felony convictions" for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). In the present case, although the petitioner has an extremely lengthy criminal history, the petitioner was determined to have only two predicate felony convictions. The first was a conviction was for a controlled substance offense as defined in § 4B1.2(b), and the other for first-degree burglary. The first-degree burglary conviction occurred in 2002, where the petitioner was found guilty in the Circuit Court for Anne Arundel County, Annapolis, Maryland.

1. ***United States v. Henriquez***

While the petitioner's instant § 2255 motion was still pending, the Fourth Circuit decided **United States v. Henriquez**, 2014 WL 2900935 (4th Cir. June 27, 2014). The Fourth Circuit held in **Henriquez** that although generic burglary has been deemed a crime of violence sufficient to support an enhancement under the sentencing guidelines, first-degree burglary in Maryland does not. The Court reasoned that Maryland courts have

---

[1] The petitioner then received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 29 and a sentencing guidelines range of 151 to 188 months.

construed Maryland's first degree burglary statute more broadly than the Supreme Court's definition of generic burglary. Accordingly, the Fourth Circuit vacated the defendant's sentence, which the district court enhanced based on the defendant's prior conviction of first-degree burglary in Maryland, and remanded for resentencing.

Petitions under § 2255 are applicable to non-constitutional errors which involve "a fundamental defect which inherently results in a complete miscarriage of justice." **Whiteside v. United States**, 748 F.3d 541, 548 (4th Cir. 2014), *reh'g granted*, 2014 WL 3377981 (4th Cir. July 10, 2014). The Fourth Circuit held in **Whiteside** "that an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." *Id.* at 551. The Court reasoned that although ordinary misapplication of the guidelines does not amount to a miscarriage of justice, "[b]y no rubric can the impact of the career offender enhancement be considered 'ordinary.'" *Id.* This is due to the particularly severe punishment for career offenders. *Id.*

In this case, absent the enhancement, the petitioner would have had a total offense level of 10. With his criminal history category of VI, he would have faced a guideline sentencing range of 24 to 30 months. After the career offender enhancement, the petitioner's guideline sentence range jumped to 151 to 188 months. Even though the petitioner was sentenced by this Court to the low end of the guideline range, 151 months, that sentence was 121 to 127 months <u>more</u> than the guidelines would have provided for without the career offender designation.

This Court agrees that the Fourth Circuit's reasoning in **Henriquez** should apply to the petitioner's case. A conviction of first-degree burglary in Maryland cannot constitute

7

a crime of violence for purposes of determining whether a defendant is a career offender. It is now apparent that Mr. Fry was erroneously determined to be a career offender. The erroneous application of the career offender enhancement in the petitioner's case amounts to a fundamental miscarriage of justice. As such, his claim is cognizable on collateral review and the petitioner will be resentenced.

2. **_Plea Waiver_**

The Government does not dispute that the petitioner's first-degree burglary was a necessary predicate to his designation as a career offender, directly resulting in a 20-level increase in his base offense level. However, the Government argues that **Henriquez** is inapplicable to the petitioner's case because the petitioner executed a valid habeas corpus waiver as part of his plea agreement. Although the petitioner has an enforceable waiver, the Court will refuse to enforce the waiver on the ground that doing so would result in a miscarriage of justice.

"A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." **United States v. Amaya–Portillo**, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). The magistrate judge found that the petitioner executed a knowing and intelligent waiver. Accordingly, collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See **United States v. Addonizio**, 442 U.S. 178, 185, (1979). The Fourth Circuit has stated that "appellate courts may "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." **United States v. Johnson**, 410 F.3d 137, 151 (4th Cir. 2005) (quoting **United**

*States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003)).

In the instant case, the Court will refuse to enforce the otherwise-valid waiver. The Fourth Circuit's holding in *Henriquez* states that a misapplication of a career offender designation is an error that would inherently result in a "miscarriage of justice." As such, this Court finds that applying the appeallate waiver in the instant case would result in a miscarriage of justice. In sum, the petitioner's claim was not waived pursuant to his plea agreement.

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 5; Crim. Doc. 111]** should be, and is, hereby **ORDERED ADOPTED IN PART AND DECLINED TO ADOPT IN PART**. The magistrate judge's Addendum to Memorandum Opinion and Report and Recommendation **[Civ. Doc. 7; Crim. Doc. 114]** is hereby **ADOPTED** for the reasons more fully stated therein. Accordingly, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civ. Doc. 1; Crim. Doc. 83]** is hereby **GRANTED INSOFAR ONLY AS IT SEEKS RESENTENCING**. The petitioner's sentenced is therefore **VACATED**.

Additionally, the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause is **GRANTED IN PART AND DENIED IN PART**. The petitioner's Objections to the R&R **[Crim. Doc. 113]** are **SUSTAINED** while the Government's Objections to the Addendum to the R&R **[Crim. Doc. 116]** are **OVERRULED**.

In view of the foregoing, the petitioner's sentence shall be corrected, and he shall be **RESENTENCED TO TIME-SERVED**. The United States Probation Office is **ORDERED** to prepare an Amended Judgment and Commitment Order consistent with this Order.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record, to the USPO, USMS, and to mail a copy to the *pro se* petitioner.

**DATED:** August 29, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE